### IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS
No. 03-2775V
Filed: March 11, 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
JOHN GILMORE and
JENNIFER GILMORE,
Parents of Luke Gilmore, a minor

       Petitioners,

  v.                   Stipulation; Attorney Fees and Costs.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

       Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Robert Krakow, Esq. Law Office of Robert Krakow, P.C., New York, NY for petitioners.
Linda Renzi, Esq., U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

      In this case under the National Vaccine Injury Compensation Program,[2] I issued a decision on July 30, 2013, that dismissed this case. Judgment entered September 9, 2013. On March 7, 2014, the parties filed a stipulation for attorney fees and costs. The stipulation indicates that after informal discussions, petitioners have amended their fee request to an amount that respondent does not object. Additionally, pursuant to General Order #9, the stipulation notes that petitioners' counsel will reimburse petitioners for any personal litigation costs they incurred.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq*. (2006).

1

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1).  Further, the proposed amount seems reasonable and appropriate.

**Accordingly, I hereby award the total $15,301.20[3] in the form of a check payable jointly to petitioners (John and Jennifer Gilmore) and petitioners' counsel of record (Robert J. Krakow) for petitioners' attorney fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

>   s/ Denise K. Vowell
>   Denise K. Vowell
>   Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).